IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| DERRICK HOUSTON, )<br>411 First Street – Apt. A )<br>Glasglow, MO 65254 )<br>)<br>                      Plaintiff, )<br>)<br>   vs. )<br>)<br>COUNTY OF BOONE )<br>Serve: Wendy S. Noren, Clerk of the County)<br>       Commissioner )<br>       801 E. Walnut, Rm. 333 )<br>       Columbia, MO 65201 )<br>)<br>HENRY HOWELL, an officer of )<br>the Boone County Sherriff's Department )<br>Serve: Boone County Sherriff's Department )<br>       2121 County Drive )<br>       Columbia, MO 65201 )<br>)<br>AMBER WILKERSON, an officer of )<br>Boone County Sherriff's Department )<br>Serve: Boone County Sherriff's Department )<br>       2121 County Drive )<br>       Columbia, MO 65201 )<br>)<br>TONJA O'BLOCK, an officer of )<br>the Boone County Sherriff's Department )<br>Serve: Boone County Sherriff's Department )<br>       2121 County Drive )<br>       Columbia, MO 65201 )<br>)<br>JONATHAN SAUCEDA, an officer of )<br>the Boone County Sherriff's Department )<br>Serve: Boone County Sherriff's Department )<br>       2121 County Drive )<br>       Columbia, MO 65201 )<br>)<br>TONYA JONES, an officer of )<br>the Boone County Sherriff's Department )<br>Serve: Boone County Sherriff's Department )<br>       2121 County Drive ) | Case No.: _____<br><br>Division: _____ |

| | )|
|---|---|
| Columbia, MO  65201 | ) |
| | ) |
| LISA HANNEGAN, a former nurse of | ) |
| the Boone County Sherriff's Department, | ) |
| Serve:  26314 Kodi Rd, | ) |
| Prairie Home, MO  65068 | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Comes now Plaintiff Derrick Houston, by and through his attorneys of record and for his causes of actions and claims against Defendants, sets forth, states and avers the following:

### I.  JURISDICTION AND VENUE

This action is instituted under the United States Constitution, particularly under the provisions of the Fourth, Eighth, and Fourteenth Amendments, and under federal law, specifically the Civil Rights Act of 1871, as amended, including 42 U.S.C. §§ 1983 and 1985. Attorney's fees, costs and expert witness fees are sought pursuant to § 1988. Additionally, Plaintiff alleges injuries occurring under common law state law claims.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. 1343 in that Plaintiff has brought federal question claims for violations of his constitutional rights as provided by 42 U.S.C. § 1983, § 1985, and § 1988.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that more than one defendant resides or may be found in this District and Division, and in that the events giving rise to this claim occurred within this District and Division, and specifically within Boone County, Missouri.

This Court has personal jurisdiction over the Defendants, as each of the Defendants are, or were during the times pertinent to this Complaint, residents and citizens or political subdivisions of the State of Missouri.

## DESCRIPTION OF PARTIES

1. The Plaintiff, Derrick Houston, resides at 411 First Street, Apt. A, Glasglow, MO 65254.

2. Defendant COUNTY OF BOONE, is a governmental entity, existing under the laws of Missouri and may be served though Wendy S. Noren, Clerk of the County Commissioner.

3. Defendant Henry Howell, (hereinafter sometimes referred to as "Defendant Howell"), upon information and belief, is an individual who at all times relevant hereto was serving as a sworn officer of the Boone County Sheriff's Department, located in Columbia, Missouri, and was thereby entrusted with the power to enforce the laws of the State of Missouri, and the City of Columbia. Defendant Howell was entrusted to protect the Constitutional rights of those he encountered and at all times relevant hereto was acting under color or title of state or municipal public law or ordinance. Defendant Howell is named herein in both his individual and official capacities, and at all times relevant to the causes of action set forth hereafter, was acting under the color of state law.

4. Defendant Amber Wilkerson, (hereinafter sometimes referred to as "Defendant Wilkerson"), upon information and belief, is an individual who at all times relevant hereto was serving as a sworn officer of the Boone County Sherriff's Department of the City of Columbia, Missouri, and was thereby entrusted with the power to enforce the laws of the State of Missouri, and the City of Columbia. Defendant Wilkerson was entrusted to protect the Constitutional rights of those she encountered and at all times relevant hereto was acting under color or title of state or municipal public law or ordinance. Defendant Wilkerson is named herein in both her individual and official capacities, and at all times relevant to the causes of action set forth hereafter, was acting under the color of state law.

5. Defendant Tonja O'Block, (hereinafter sometimes referred to as "Defendant O'Block"), upon information and belief, is an individual who at all times relevant hereto was serving as a sworn officer of the Boone County Sherriff's Department of the City of Columbia, Missouri, and was thereby entrusted with the power to enforce the laws of the State of Missouri, and the City of Columbia. Defendant O'Block was entrusted to protect the Constitutional rights of those she encountered and at all times relevant hereto was acting under color or title of state or municipal public law or ordinance. Defendant O'Block is named herein in both her individual and official capacities, and at all times relevant to the causes of action set forth hereafter, was acting under the color of state law.

6. Defendant Jonathan Sauceda, (hereinafter sometimes referred to as "Defendant Sauceda"), upon information and belief, is an individual who at all times relevant hereto was serving as a sworn officer of the Boone County Sherriff's Department of the City of Columbia, Missouri, and was thereby entrusted with the power to enforce the laws of the State of Missouri, and the City of Columbia. Defendant Sauceda was entrusted to protect the Constitutional rights of those he encountered and at all times relevant hereto was acting under color or title of state or municipal public law or ordinance. Defendant Sauceda is named herein in both his individual and official capacities, and at all times relevant to the causes of action set forth hereafter, was acting under the color of state law.

7. Defendant Tonya Jones, (hereinafter sometimes referred to as "Defendant Jones"), upon information and belief, is an individual who at all times relevant hereto was serving as a sworn officer of the Boone County Sheriff's Department, located in Columbia, Missouri, in a supervisory role, and was thereby entrusted with the power not only to enforce the laws of the State of Missouri, and the City of Columbia but to ensure the officers she was supervising did so

4

as well. Defendant Jones had a duty to maintain control of correctional officers under her supervision, in that such officers followed the policies, procedures, and regulations set forth in, V.A.M.S. 217.040. Defendant Jones was entrusted to protect the Constitutional rights of those she encountered and at all times relevant hereto was acting under color or title of state or municipal public law or ordinance. Defendant Jones is named herein in both her individual and official capacities, and at all times relevant to the causes of action set forth hereafter, was acting under the color of state law.

8. Defendant Lisa Hannegan, (hereinafter sometimes referred to as "Defendant Hannegan"), upon information and belief, is an individual who at all times relevant hereto was serving as an employee of Boone County Sherriff's Department, located in Columbia, Missouri. Defendant Hannegan was entrusted to protect the Constitutional rights of those she encountered and at all times relevant hereto was acting under color or title of state or municipal public law or ordinance. Defendant Hannegan is named herein in both her individual and official capacities, and at all times relevant to the causes of action set forth hereafter, was acting under the color of state law.

9. That during the period October 3, 2015 until on or about October 8, 2015, Defendant County of Boone, by and through its agents, officers, servants, and employees promulgated a *de facto* policy within the Boone County Sheriff's Department to refuse to provide proper medical care and treatment to the "inmate who was faking paralysis" namely, Plaintiff Derrick Houston. That the *de facto* policy was so widespread that most if not all jail personnel were aware of the nature of Plaintiff Derrick Houston's protestations of paralysis and the instruction by jail personnel, directly and implied, not render medical aid and assistance, or have Plaintiff transported for radiographic evaluation of his conditions.

## CLEARLY ESTABLISHED CONSTITUTIONAL RIGHTS

10. The Defendants set forth herein violated clearly established Constitutional and/or statutory rights of which a reasonable person would have known.

11. That the Fourth Amendment to the United States Constitution prohibits the use of unreasonable force in effecting a seizure of a person.

12. That the Eighth Amendment to the United States Constitution prohibits the use of cruel and unusual punishment and requires that the government and its agents provide medical care for those whom it is punishing by incarceration, this right includes the prohibition of inflicting unnecessary suffering on a prisoner by failure to treat his/her medical needs consistent with contemporary standards of decency.

13. That the Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits deliberate indifference to the serious medical needs of a pre-trial detainee and requires that the government and its agents provide medical care for those in its custody, this right includes the prohibition of inflicting unnecessary suffering on a prisoner by failure to treat his/her medical needs consistent with contemporary standards of decency.

14. That the Fourteenth Amendment to the United States Constitution prohibits the denial of equal protection of the laws on the basis of race or color.

15. That on October 3, 2015 it was clearly established that persons including Plaintiff were entitled to Constitutional protections to be free from excessive force, even such force as would cause *de minimus* harm. *Chambers v. Pennycock,* 641 F.3d. 898 (8th Cir. 2011), and to be provided adequate and necessary medical care and treatment. *Estelle v. Gamble* 97 S.Ct. 285 (1976).

16. That on October 3, 2015, force was applied to Plaintiff in a sadistic manner intended to cause harm to Plaintiff.

17. That force was used by Defendants after order had been maintained and therefore was not used to restore discipline but rather with malicious intent and with "deliberate indifference" in violation of the eighth amendment. *McIlvoy v. Sharp*, No. WD 78822, 2016 WL 519636 (Mo. Ct. App. Feb. 9, 2016) *reh'g and /or transfer denied* (Mar. 29, 2016), *Connick v. Thompson*, 536 U.S. 51, 52 (2011).

18. That the force used by Defendants was excessive under the Fourteenth and Fourth Amendments to the United States Constitution in that the force used by the Defendants was not objectively reasonable in light of the facts and circumstances confronting the Defendants.

19. That totality of circumstances then existing at the time of Defendants use of excessive force including the severity of any alleged crime or offense, any threat posed by the Plaintiff to the safety of the Defendant officers or others, whether Plaintiff was resisting restraints, or any other acts of defiance by Plaintiff, all support the fact that the force used was excessive.

20. That Plaintiff did not pose an immediate threat to the safety of the Defendants or other persons.

21. That the Defendants' conduct and use of force was not objectively reasonable.

22. That the actions of Defendants' were willful, wanton and malicious, or were taken with reckless disregard for the rights of Plaintiff.

23. That Plaintiff has been denied access to adequate and competent medical treatment, care, and facilities.

24. That Defendants' failed and refused to transport Plaintiff to appropriate medical facilities within a timely manner.

25. Plaintiff alleges further that the above mentioned acts and/or policies and practices of the Defendants' are knowing, deliberate and intentional, in disregard for the health and well-being of Plaintiff, and that such acts, policies and practices are shocking to the conscience of civilized persons and intolerable in a society purportedly governed by laws and considerations of due process.

26. That the actions of the Defendants as set forth herein were undertaken with bad faith and with malice, as such no official immunity exists as to their tortious conduct as alleged herein.

27. That with respect to the deprivation of Plaintiff's civil rights as more fully set forth herein, Defendants acted in concert to commit the unlawful acts of depriving Plaintiff of his civil rights, entering into an agreement to do so, and engaging in overt acts to undertake the deprivation of civil rights including but not limited to: collaborating in the creation of investigative reports, misstating immediate factual scenarios for the purpose of recording false information in investigative reports, and otherwise engaging in acts designed to cover up the excessive force or otherwise justify it through improper and illegal means, all in violation of 42 U.S.C. § 1985.

28. That Defendants engaged in "gratuitous and completely unnecessary acts of violence" in a manner clearly known to be in violation of Plaintiff's Fourth Amendment Rights.

29. That the actions of Defendants herein were undertaken in whole or in part under color of state law.

30. That as a direct and proximate result of the violation of Plaintiff's civil rights, as more fully set forth herein, Plaintiff suffered physical injury, economic loss and other damage.

II. **ADDITIONAL FACTUAL ALLEGATIONS**

31. Plaintiff Derrick Houston hereby makes the following averments based on knowledge, information, and/or belief, and with the understanding that formal discovery which is permitted only after the commencement of the instant action, may lead to additional averments of fact.

32. On October 3, 2015, at approximately 6:22 p.m., Plaintiff Derrick Houston was in the meal line in B110 awaiting dinner delivery.

33. That Defendant Howell subsequently tossed Plaintiff's meal bag at him causing Plaintiff to become irritated.

34. That Defendant Howell consequently requested Plaintiff to lockdown in his cell and Plaintiff refused.

35. In what may fairly be described as a massive over-reaction, Defendants Howell and Wilkerson initiated a lockdown in B110 and radioed for additional officers to respond to B110.

36. On October 3, 2015 at approximately 6:23 p.m., Defendant O'Block and Defendant Sauceda arrived in B110 in response to a request for assistance.

37. That during this time Five (5) officers used unreasonable force to restrain Plaintiff Houston.

>Defendant Howell: "I couldn't wait to get this job so I could deal with niggars like you."
>
>Defendant Howell: "You think we are supposed to wait on niggars like you."

38. Plaintiff Houston was transported to A070.

39. During the transport the following was exchanged:

>Defendant Howell: "You niggars think you run the jail out here."

> Defendant Wilkerson: "You big niggars think you are superman, I'm more of a superman than you are."

40. That at approximately 7:53 p.m., Defendants Sauceda, Howell, and/or Wilkerson and/or O'Block entered A070 purportedly to perform a "restraint check" on Plaintiff Houston.

41. Defendant Sauceda unnecessarily and in an excessively forceful manner, shoved Houston's head forward in a purported attempt to look at his cuffs which were behind his back.

42. As perpetrated this assault upon the restrained and defenseless Houston, Plaintiff Houston called them names such as "bitches" and "honkies" which apparently incited Defendant Sauceda to further violence against Plaintiff Houston.

43. Defendant Sauceda said to Plaintiff Houston: "I'll show you, niggar, just like I show the rest of those niggars." It was at this time that Plaintiff Houston perceived a tingling sensation throughout his body. Later he would feel numbness and paralysis start in his lower extremities.

44. Defendant Sauceda's assault on Plaintiff Houston resulted in grievous injury including a T-2 burst fracture of his spine, T12-L1 fracture of his spine, and eventual permanent paralysis (*paraplegia*).

45. Defendants' actions in depriving Derrick Houston of his rights, as described herein, and in conspiring to interfere with Plaintiffs' civil rights in enforcing the laws, were motivated in whole or in part by racial animus.

46. That Defendants did not attempt to ascertain the facts of what had transpired, and the nature and extent of Plaintiff's injuries, but rather abused their power and authority and in so doing, deprived Plaintiff of his Constitutional rights.

47. That the actions of Defendants subjected Plaintiff to the imposition of Discipline without Due Process of Law.

10
Case 2:16-cv-04204-MJW   Document 1   Filed 07/13/16   Page 10 of 19

### III.  FIRST CAUSE OF ACTION-BOONE COUNTY *MONELL* CLAIMS

48. Plaintiff Derrick Houston hereby incorporates by reference the allegations set forth in Paragraphs 1 through 45 above, as though the same had been fully set forth at length herein.

49. Defendant Boone County developed, implemented, and carried out policies, practices or procedures which permitted the use of excessive force or the use of unreasonable force likely to result in serious bodily injury to the Plaintiff, and persons similarly situated.

50. Defendant Boone County failed to properly train Defendants Howell, Wilkerson, O'Block, Sauceda, Jones and Hannegan in policies, practices, or procedures which ameliorated and/or reduced the use of excessive force or the use of unreasonable force likely to result in serious bodily injury to the Plaintiff, and persons similarly situated by its employees.

51. Defendant Boone County failed to properly train Defendants Howell, Wilkerson, O'Block, Sauceda, Jones and Hannegan in policies, practices, or procedures regarding the evaluation, care, treatment, triage, assessment of prisoner injuries, and concomitant need for medical care.

52. Defendant Boone County's failure to implement policies and procedures regarding the proper training of it officers, or its implementation of policies which were inadequate in nature to monitor, educate, train, caused or contributed to cause the Constitutional deprivations set forth herein.

53. That with respect to Plaintiff Houston a policy or "de facto" policy existed at least for the period from October 3, 2015 to October 8, 2015 to deny "the guy who is pretending to be paralyzed" medical care and treatment, as evidenced by the common knowledge throughout the chain of command of Plaintiff's Houston's physical condition and decision throughout the chain of command to deny Plaintiff adequate medical care.

54. By reason of the manner in which Defendants operate and maintain Boone County Detention Center, Plaintiff has been subjected to unsafe living conditions, including inadequate healthcare, and the de facto imposition of discipline without due process of law.

### IV. USE OF EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BY DEFENDANTS COGNIZABLE UNDER 42 U.S.C. §1983

55. Plaintiff Derrick Houston hereby incorporates by reference the allegations set forth in Paragraph 1 through 51 above, as though the same had been fully set forth at length herein.

56. The actions of all Defendants, collectively and individually, deprived the Plaintiff of his constitutional rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983, in the following manners:

(a) in the unreasonable use of force or use of excessive force;

(b) in the acquiescence of the unreasonable use of force or use of excessive force;

(c) in improperly investigating the circumstances surrounding the attack and use of unreasonable and/or excessive force upon the person of Plaintiff Derrick Houston;

(d) in imposing punishment arbitrarily without any notice, hearing or findings, with no right to counsel, and no independent investigation of the incident;

(e) in recklessly developing, implementing, and carrying out policies, practices, or procedures which permitted the use of excessive force or the use of unreasonable force likely to result in serious bodily injury to the Plaintiff, and persons similarly situated; and

(f) in conspiring to cover up the use of excessive force.

### V. CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS BY DEFENDANT HOWELL, DEFENDANT WILKERSON, DEFENDANT O'BLOCK, DEFENDANT SAUCEDA, JONES AND DEFENDANT HANNEGAN COGNIZABLE UNDER 42 U.S.C. §1983 AND 42 U.S.C.1985

57. Plaintiff Derrick Houston hereby incorporates by reference the allegations set forth in Paragraph 1 through 53 above, as though the same had been fully set forth at length herein.

58. That Defendants conspired to deny Plaintiff his Constitutional rights.

59. That Defendants Howell, Wilkerson, O'Block, Sauceda Jones and Hannegan all had an opportunity to review the documentation, audio, and video record of the incidents at issue herein, and either recklessly failed to do so, or did review such information, and were thereby aware of, and assisted, ratified, and/or conspired to cover-up the use of excessive force, and subsequent denial of medical care by Defendants Howell, Wilkerson, O'Block, Sauceda Jones and Hannegan.

60. That in so conspiring they intended to deprive Plaintiff of his Constitutional rights.

61. That Defendants engaged in a number of acts in furtherance of the conspiracy including but not limited to, collaborating on written reports, misstating facts, and supporting false facts designed to cover up the use of excessive force or otherwise ratifying events that were inaccurate or otherwise untrue and of which there then existed a video record which would indicate such inaccuracies.

62. That Defendant Boone County, and the individual Defendants herein, along with others, conspired, combined and agreed with other individuals and institutions for the purpose of impeding, hindering, obstructing or defeating the due course of justice, with intent to deny Derrick Houston the equal protection of the laws and/or equal privileges and immunities under the laws.

63. That Plaintiff was thereby injured and/or otherwise deprived of exercising his Constitutional rights.

### VI. CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION BY DEFENDANTS AND/OR FAILURE TO PROVIDE NECESSARY MEDICAL CARE TO SERIOUS MEDICAL NEEDS AND CONDITIONS IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSITTUTION ALL COGNIZABLE UNDER 42 U.S.C. §1983

64. Plaintiff Derrick Houston hereby incorporates by reference the allegations set forth in Paragraph 1 through 58 above, as though the same had been fully set forth at length herein.

65. That actions of all Defendants, collectively and individually, deprived the Plaintiff of his constitutional rights as guaranteed by Eighth Amendment and Fourteenth Amendment to the United States Constitution, and 42 U.S.C. § 1983, in the following manners:

66. That Defendants Howell, Wilkerson, O'Block, Sauceda, Jones, and Hannegan in so conspiring intended to deprive Plaintiff of his Constitutional rights.

67. That Defendants failed to provide necessary medical care and treatment to Plaintiff's serious medical needs and conditions.

68. Plaintiff Derek Houston requested to be seen by the on-call nurse because of his medical condition.

69. That despite Plaintiff's repeated pleas for aid and assistance, Defendants only offered medical treatment in the form of 1000 mg of Tylenol.

70. That Defendants failed to properly triage, evaluate, assess or competently examine Plaintiff when given specific notice of his injuries and physical complaints.

71. That rather than seeking appropriate and necessary medical attention for Plaintiff, Defendants attempted to catch Plaintiff lying about his medical conditions by placing him under video surveillance.

72. Additionally, Plaintiff was unable to use the restroom without assistance, such assistance was not provided, and Plaintiff was left in his cell by Defendants in soiled clothing many times.

73. That as a result of the failure to provide adequate medical care for Plaintiff serious and life threatening conditions, Plaintiff's spine fractures and corresponding injuries were left unattended and allowed to progress to the point of permanent paralysis.

74. That as a result of the failure to provide adequate medical intervention and care Plaintiff was forced to crawl using only his upper extremities because he could not feel his lower extremities.

### VII. ASSAULT AND BATTERY BY DEFENDANT HOWELL, DEFENDANT WILKERSON, DEFENDANT O'BLOCK, DEFENDANT SAUCEDA, AND DEFENDANT JONES COGNIZABLE UNDER STATE LAW

75. For his cause of action against Defendants Howell, Wilkerson, O'Block, Sauceda and Jones, in Count VI, Plaintiff states:

76. By this reference, Plaintiff incorporates each and every allegation and averment contained in paragraphs 1 through 69 of this Complaint as though fully set forth herein.

77. The acts of Defendants Howell, Wilkerson, O'Block, Sauceda and Jones, as aforedescribed, committed without just cause or provocation, and with the intent to cause Plaintiff offensive contact, bodily harm, apprehension of offensive contact, and apprehension of bodily harm, constituting an intentional assault and battery against Plaintiff.

78. The amount of force used against Plaintiff was unreasonable, unlawful and excessive.

79. As a direct and proximate result of the malicious, brutal and outrageous conduct of Defendants Howell, Wilkerson, O'Block, Sauceda and Jones as aforedescribed, Plaintiff suffered injuries and damages including swelling and bruising injuries to soft tissue, pain suffering, and emotional damage. Plaintiff's body was rendered weak, stiff, sore and painful. The brutal assault on Plaintiff at the hands of Defendants Howell, Wilkerson, O'Block, Sauceda and Jones caused Plaintiff to be fearful for his life and wellbeing. The great fear for his safety has caused Plaintiff pain of the mind as well as of the body and fear, apprehension, depression and consternation. Additionally, Plaintiff has suffered special damages in the form of medical expenses and may suffer additional special damages in the future in an amount which cannot yet be determined.

80. The acts of Defendants Howell, Wilkerson, O'Block, Sauceda and Jones aforementioned were wanton, malicious and oppressive, and done for the depraved sport and amusement of Defendants thus entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants Howell, Wilkerson, O'Block, Sauceda and Jones for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.

### VIII. AGGRAVATION OF A PRE-EXISTING CONDITION BY DEFENDANTS HOWELL, DEFENDANT WILKERSON, DEFENDANT O'BLOCK, DEFENDANT SAUCEDA, JONES AND DEFENDANT HANNEGAN COGNIZABLE UNDER STATE LAW

81. For his cause of action against Defendants Howell, Wilkerson, O'Block, Sauceda, Jones and Hannegan in Count VIII, Plaintiff states:

82. By this reference, Plaintiff incorporates each and every allegation and averment contained in paragraphs 1 through 75 of this Complaint as though fully set forth herein.

83. Defendants Howell, Wilkerson, O'Block, Sauceda, Jones and Hannegan, at such times as previously set forth herein,

84. As a direct and proximate result of Defendants actions, Plaintiff suffered aggravation of a pre-existing condition and continues to suffer serious, disabling, painful and permanent injuries. Plaintiff has also suffered severe mental anguish in connection with the deprivation of his rights.

85. The conduct of Defendants Howell, Wilkerson, O'Block, Sauceda, Jones and Hannegan was outrageous, because of Defendant's evil motive and/or his reckless indifference to the rights and well-being of Plaintiff, and therefore Plaintiff is entitled to an award of punitive damages against Defendants Howell, Wilkerson, O'Block, Sauceda, Jones and Hannegan.

WHEREFORE, Plaintiff prays for judgment against Defendants Howell, Wilkerson, O'Block, Sauceda, Jones and Hannegan for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.

### IX. MEDICAL NEGLIGENCE BY HANNEGAN COGNIZABLE UNDER STATE LAW

86. For his cause of action against Defendants Howell, O'Block, Sauceda, Jones and Hannegan, in Count IX, Plaintiff states:

87. By this reference, Plaintiff incorporates each and every allegation and averment contained in paragraphs 1 through 80 of this Complaint as though fully set forth herein.

88. Defendant Hannegan, at such times as previously set forth herein, failed to provide competent medical care to Plaintiff, to evaluate, treat, assess, triage or care for his grievous injuries, causing Plaintiff to sustain serious, disabling injuries resulting in the permanent loss of bodily movement.

89. Defendant Hannegan owed a duty to exercise reasonable care in rendering medical care and treatment but breached the applicable standard of care.

90. Plaintiff has sustained serious, disabling injuries resulting in the permanent loss of bodily movement.

91. Plaintiff has sustained and will sustain in the future medical expense, lost wages, future medical and rehabilitative expenses, attorney fees, and other economic loss.

92. The conduct of Defendant Hannegan were outrageous because of Defendant's evil motive and/or reckless indifference to the rights and well-being of Plaintiff, and therefore Plaintiff is entitled to an award of punitive damages against Defendant Hannegan.

WHEREFORE, Plaintiff prays for judgment against Defendant Hannegan for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.

## X. RELIEF SOUGHT

WHEREFORE, the Plaintiff hereby demands judgment against the Defendants, jointly and severally, in both their individual and their official capacities:

1. Awarding compensatory and punitive damages to Plaintiff and against Defendants, jointly and severally, in an amount in excess of seventy-five thousand ($75,000.00) dollars, as actual damages for emotional and psychological distress, severe mental anguish, anxiety, humiliation, degradation, and pain and suffering of body and mind; and in an amount in excess of seventy-five thousand ($75,000.00) dollars as punitive damages for the reckless disregard of the civil rights of the Plaintiff, together with such other amount of special compensatory damages as may be shown to exist;

2. The acts and omissions of each of the Defendants were carried out in a deliberate, calculating, willful, intentional, and malicious manner, and with the specific intent to injure and oppress Plaintiff. By reason of this intentionally wrongful and unlawful conduct, Plaintiff is entitled to punitive damages.

3. Awarding Plaintiff his costs of suit and his attorney's fees under Title 42 U.S.C. § 1988;

4. Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL PURSUANT TO F.R.C.P. 38

Plaintiff hereby makes demand for Trial by Jury on all issues so triable.

**EDELMAN AND THOMPSON, L.L.C.**

By:     */s/ James T. Thompson*
      James T. Thompson    Mo. #37245
      Elizabeth L. Van Erem    MO #68812
      3100 Broadway - Suite 1400
      Kansas City, Missouri 64111
      Tel: (816) 561-3400
      Fax: (816) 561-1664
      jamesthompson@etkclaw.com
      lvanerem@etkclaw.com

**ATTORNEYS FOR PLAINTIFF**